IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRCT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LEONARD MAZZOLA, | ) | CASE NO. 1:19-CV-02519-JG |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JAMES GWIN |
| vs. | ) | |
| | ) | MAGISTRATE JUDGE |
| ANTHONY TOGLIATTI, *et al.*, | ) | JONATHAN D. GREENBERG |
| | ) | |
| Defendants. | ) | **REPORT & RECOMMENDATION** |

This matter has been referred to the undersigned for a Report and Recommendation concerning Plaintiff's Motion to Quash (Doc. No. 86). (Doc. No. 100.) For the following reasons, the undersigned recommends the Motion to Quash be GRANTED. In addition, it is further recommended that Defendants Kilbane, O'Brien, and the City of Independence's ("Issuing Defendants") Motion to Compel (Doc. No. 94) be DENIED. The undersigned also recommends DENYING the Issuing Defendants' requests to extend the discovery deadline and allow supplementary summary judgment briefing. (*Id.*) The undersigned further recommends DENYING AS MOOT the portions of the Issuing Defendants' Motion to Strike (Doc. No. 87) relating to the failure to produce the cell phone records. The undersigned also recommends GRANTING Plaintiff's Motion to Substitute. (Doc. No. 93.)

### I. BACKGROUND

On July 17, 2020,[1] the Issuing Defendants sent a subpoena to Verizon seeking Plaintiff's phone records from January 1, 2018, to the present. (Doc. No. 94-1 at 2; Doc. No. 97 at 1.)

On August 3, 2020, Plaintiff's counsel emailed the Issuing Defendants' counsel regarding Plaintiff's objections to the subpoena issued to Verizon. (Doc. No. 86-1.)

---

[1] No Notice of Service of Subpoena was filed on the docket.

1

On August 4, the Defendants filed their motions for summary judgment. (Doc. Nos. 62, 71, 73.)

Over the course of the next several days, Plaintiff and the Issuing Defendants continued to negotiate to try and resolve their dispute regarding the Verizon subpoena. (Doc. Nos. 86-2, 86-3, 86-4, 86-5, 86-6.)

On August 10, 2020, the Issuing Defendants filed a Notice of Service of Subpoena to Verizon Wireless. (Doc. No. 75.) The subpoena requested "[c]ell phone records . . . including incoming and outgoing call detail records, and SMS/MMS message records evidencing date and time of all calls and/or text messages from May 1, 2018 to the present. The content of text messages is not requested." (Doc. No. 75-1.)

That same day, Plaintiff's counsel sent a letter to Judge Gwin requesting his assistance in resolving the proper scope of the subpoena. (Doc. No. 86-7.) On August 12, 2020, the Issuing Defendants responded to Plaintiff's counsel's August 10, 2020 letter. (Doc. No. 86-8.)

On August 26, 2020, Plaintiff's counsel informed the Court it had received notification from Verizon that it would comply with the Issuing Defendants' subpoena if it did not receive a copy of a motion to quash by August 29, 2020. (Doc. No. 86-9.)

On August 28, 2020, Plaintiff's counsel filed a motion to quash the Verizon subpoena. (Doc. No. 86.)

On September 1, 2020, the Defendants filed a motion to strike Plaintiff's declaration attached to Plaintiff's response in opposition to their motions for summary judgment, "as well as any reference thereto made in any pleadings, reports, or other documents in this matter." (Doc. No. 87.) One of the grounds raised in the motion to strike was that Plaintiff referenced cell phone records that were not attached or produced. (*Id.* at 5-7.) The other two grounds asserted by the Defendants were that Plaintiff's

2

declaration "materially alters his prior deposition testimony" and that Plaintiff "cannot introduce contradictory hearsay via his declaration." (*Id.* at 2, 7.)

On September 10, 2020, Plaintiff filed his opposition to the Defendants' motion to strike (Doc. No. 92), as well as a motion to substitute his declaration in support of his opposition to the Issuing Defendants' motion for summary judgment (Doc. No. 93). In the motion to substitute, Plaintiff states that while he "contends that the original Declaration is legally sufficient under Fed. R. Civ. P. 56, this motion to substitute seeks to make moot an objection raised by Defendants in their joint motion to strike (Doc. #87) by incorporating a cellphone invoice Mr. Mazzola reviewed merely to verify his personal knowledge of the precise times of phone calls discussed in the original Declaration." (Doc. No. 93.) According to Plaintiff, the Amended Declaration "simply attaches the invoice as an exhibit and refers to it." (*Id.*) "No substantive changes have been made to the facts averred." (*Id.*)

On September 11, 2020, the Issuing Defendants filed their response in opposition to Plaintiff's motion to quash. (Doc. No. 94.)

On September 17, 2020, the Defendants filed their reply in support of their motion to strike. (Doc. No. 96.)

On September 18, 2020, Plaintiff filed his reply in support of the motion to quash. (Doc. No. 97.)

On September 24, 2020, the Issuing Defendants filed their opposition to Plaintiff's motion to substitute his declaration. (Doc. No. 102.)

## II. ANALYSIS

### A. Plaintiff's Motion to Quash and the Issuing Defendants' Motion to Compel, Extend Discovery, and Allow Supplemental Summary Judgment Briefing

While Plaintiff agrees the subpoena is valid insofar as it seeks his non-privileged cell phone records from May 1, 2018 through May 31, 2019, Plaintiff asserts that his "communications from June

2019 through the present date are not relevant to any claim or defense in this lawsuit under Fed. R. Civ. P. 26." (Doc. No. 86 at 1-2.)

The Issuing Defendants argue the cell phone records are "clearly relevant" as "Plaintiff relied on his call log in opposing Defendants' motion for summary judgment." (Doc. No. 94-1 at 2.) The Issuing Defendants further argue that "[d]espite being asked to provide all documents that supported Plaintiff's claims in the course of discovery, Plaintiff failed to produce any documents substantiating his alleged telephone calls with Robert Phillips, his FOP Union attorney, [sic] Officer Chuck Wilson, the FOP Union representative. However, Plaintiff relies on the substance of these very documents in his opposition to Defendants' motion for summary judgment."[2] (*Id.* at 3.) In addition, the Issuing Defendants assert the cell phone records from May 2018 through the present "directly relate to his claims that he was forced to retire without consulting with an attorney or advisor and that he has been diligently seeking new employment." (*Id.* at 5.) Further, the Issuing Defendants argue the records "are also relevant to whether Plaintiff has been in direct contact with potential witnesses in this matter, including City employees." (*Id.*) In addition, Plaintiff "put his phone records at issue in this case by relying on selected call history in an attempt to overcome Defendants' motion for summary judgment." (*Id.*) Finally, the Issuing Defendants argue their request for the cell phone records is proportional to the needs of this case. (*Id.* at 6.)

In his reply, Plaintiff asserts that "no communication after June 1, 2019 (or after his retirement of April 1, 2019) is 'relevant to any party's claim or defense and proportional to the needs of the case[.]'" (Doc. No. 97 at 1.) In addition, Plaintiff argues Defendants cannot now seek to compel Plaintiff to produce information they never requested in discovery, and when they have not followed the procedures set forth in Fed. R. Civ. P. 37 and L.R. 37.1 nor certified to the Court that they followed such procedures.

---

[2] The Issuing Defendants state that after they filed their motion to strike (Doc. No. 87), Plaintiff produced "a copy of a single Verizon Wireless statement, with all but five calls redacted." (Doc. No. 94-1 at 1.)

(*Id.*)  Finally, Plaintiff argues Defendants fail to show they are "entitled to an extension of discovery and additional summary judgment briefing when they chose not to subpoena Mr. Mazzola's Verizon records until July 17, 2020—just three days before Mr. Mazzola's deposition" and have "offered no reason for this delay, because there wasn't one—no new information prompted them to serve this standard-issue subpoena in July as opposed to months earlier." (*Id.*)  Plaintiff asserts that had Defendants "limited the subpoena to the timeframe to which Plaintiff did not object," or issued such a subpoena while the parties disputed a second one, Verizon would have produced the documents "weeks ago." (*Id.* at 1, 9.)

As an initial matter, "'[a] subpoena issued pursuant to Fed. R. Civ. P. 45 is considered to be a discovery device in the Sixth Circuit, and accordingly, must adhere to the deadlines of a court's scheduling order.'" *Allstate Ins. Co. v. Papanek*, 309 F. Supp. 3d 511, 514 (S.D. Ohio 2018) (quoting *Miami Valley Fair Hous. Ctr., Inc. v. Connor Grp.*, No. 3:10CV00083, 2011 WL 13157347, at *3 (S.D. Ohio July 21, 2011)).  *See also Sterling Grp., L.P. v. Babcock Power, Inc.*, No. 3:17-MC-1-CRS-CHL, 2017 WL 2958503, at *2 (W.D. Ky. July 11, 2017) (citing *Fabery v. Mid-S Ob-GYN*, No. 06-2136 D/P, 2000 WL 35641544, at *1 (W.D. Tenn. May 15, 2008); *Martin v. Oakland Cty.*, No. 2:06-CV-12602, 2008 WL 4647863, at *2 (E.D. Mich. Oct. 21, 2008)).

The scope of a subpoena issued under Fed. R. Civ. P. 45 is "subject to the general relevancy standard applicable to discovery under Fed. R. Civ. P. 26(b)(1)." *Laethem Equip. Co. v. Deere and Co.*, 2007 WL 2873981, at *4 (E.D. Mich.2007) (internal quotation omitted).  "That general relevancy standard is very broad." *Cleveland Clinic Health System–East Region v. Innovative Placements, Inc.*, 2012 WL 187979, at *2 (N.D. Ohio Jan.23, 2012) (quoting *Lewis v. ACB Bus. Serv. Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).  Rule 45(d) does, however, provide circumstances under which a court must or may quash or modify a subpoena.  That Rule provides, in pertinent part, that "the court for which the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to

5

comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Rule 45(d)(3)(B) also further establishes that the court may quash or modify a subpoena if it requires "disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3).

The party issuing a subpoena must take reasonable steps to avoid imposing an undue burden on a person subject to a subpoena, but "the movant bears the burden of establishing that the issued subpoenas violate Rule 45 of the Federal Rules of Civil Procedure." *Cleveland Clinic Health System–East Region*, 2012 WL 187979, at *2 (quoting *Recycled Paper Greetings, Inc. v. Davis*, 2008 WL 440458 at * 3 (N.D. Ohio Feb.13, 2008)). In evaluating a motion to quash a subpoena, the district court may consider "whether (i) the subpoena was issued primarily for purposes of harassment, (ii) there are other viable means to obtain the same evidence, and (iii) to what extent the information sought is relevant, nonprivileged, and crucial to the moving party's case." *Id.* (quoting *Bogosian v. Woloohojian Realty Corp.*, 323 F.3d 55, 66 (1st Cir. 2003)). The decision of whether to quash a subpoena is within the sound discretion of the district court. *Thomas v. City of Cleveland*, 57 F. App'x 652, 654 (6th Cir. 2003). *See also Pitzer v. Cinmar*, LLC, 2016 WL 7325158, at *1 (N.D. Ohio Dec. 16, 2016).

Plaintiff's argument that any records after his retirement on April 1, 2019 are not relevant to any of Plaintiff's claims or any of the Issuing Defendants' defenses in this case is well-taken. First, the Court fails to understand how records after Plaintiff's retirement in April 2019 "directly relate to his claims that he was forced to retire without consulting with an attorney or advisor." (Doc. No. 94-1 at 5.) While the Issuing Defendants' claim that these records "directly relate" to Plaintiff's claims "that he has been diligently seeking new employment," is better taken, there is other evidence to corroborate or refute Plaintiff's claims. Indeed, although Issuing Defendants claimed a public records request to the Charlotte

6

Police Department revealed no records concerning Plaintiff (*id.*), Plaintiff directed the Issuing Defendants to information previously produced in discovery that "include[d] application-related correspondence with the Charlotte-Mecklenburg Police Department . . . ." (Doc. No. 97 at 7 n.5.) Furthermore, as the undersigned recommends denying the Issuing Defendants' request to reopen discovery, it is unclear how unidentified numbers in cell phone records would corroborate or refute Plaintiff's claim that he has been diligently seeking new employment.

Nor is it clear to the Court how it is relevant, absent any allegation that Plaintiff improperly contacted potential witnesses or City employees, whether Plaintiff "has been in direct contact with potential witnesses in this matter, including City employees." With respect to the Issuing Defendants' argument as to the false light claim against Defendant Togliatti (Doc. No. 94-1 at 5 n.3), that argument is not theirs to raise.[3]

Finally, assuming *arguendo* the Court agreed with the Issuing Defendants that Plaintiff "put his phone records at issue" by relying on a portion of them in opposition to the Issuing Defendants' motions for summary judgment, it does not follow that the Issuing Defendants are entitled to any records after the incident at issue, let alone through the present. Furthermore, Plaintiff filed his opposition over two weeks after the subpoena was issued and notice filed, and it strikes the Court as disingenuous to use that as a reason to justify the scope of the subpoena after the fact.

While the Court disagrees that any cell phone records after the date of Plaintiff's retirement (April 1, 2019) are relevant, since Plaintiff agreed to Verizon producing the requested non-privileged cell phone records from May 1, 2018 to May 31, 2019, the undersigned recommends the Court grant the motion to quash to the extent it seeks records after May 31, 2019.

---

[3] Defendant Togliatti is represented by separate counsel and has not joined these motions.

The undersigned further recommends denying the Issuing Defendants' request to compel Plaintiff to "immediately turn over his call logs from May 2018 through the present," "extend discovery to allow depositions relating to Plaintiff's call history," and "to allow supplemental summary judgment briefing related to any new information revealed through Plaintiff's phone records." (Doc. No. 94-1 at 2.)

First, the Issuing Defendants cannot ask the Court to compel Plaintiff to produce something for which they have not previously asked in discovery. While the Issuing Defendants assert they requested "all documents that support Plaintiff's claims in the course of discovery" (Doc. No. 94-1 at 3), it is unreasonable to expect parties to anticipate every conceivable argument an opposing party might raise in a motion for summary judgment, much less how the non-moving party will respond in turn, and then produce any document that may support such a response in the course of discovery before briefing. If the Issuing Defendants wanted Plaintiff's cell phone records, they should have asked for them. In addition, the Issuing Defendants failed to follow the procedures set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court. Lastly, as the undersigned recommends allowing the subpoena to issue for the non-privileged cell phone records from May 1, 2018 through May 31, 2019, there is no need for Plaintiff to produce the information. For all these reasons, the undersigned recommends the motion to compel be denied.

While the Issuing Defendants complain that Plaintiff's "delay forced Defendants to brief their motions for summary judgment without access to Plaintiff's phone records, including phone calls he made in the days before his retirement" (Doc. No. 94-1 at 3), the Issuing Defendants can only blame themselves. On June 1, 2020, the Court granted the unopposed motion by the Defendants to extend the case management order by 21 days, making the new dispositive motion deadline August 4, 2020. (Non-document Order dated June 1, 2020.) Yet the Issuing Defendants waited until July 17, 2020, to issue a

subpoena to Verizon for Plaintiff's cell phone records.[4] While on July 29, 2020, the Defendants moved to extend the dispositive motion deadline to August 14, 2020, that motion was withdrawn. (Doc. No. 54; Non-document order dated August 4, 2020.) The Issuing Defendants did not cite their need for these outstanding cell phone records as a reason for the requested (and then withdrawn) motion for extension of time.

Plaintiff's argument that the Issuing Defendants could have (and perhaps should have) requested this information well before July is well-taken. The Issuing Defendants do not offer any newly discovered information that prompted the late request for the cell phone records. And while the Court (in response to a motion for a *nunc pro tunc* order clarifying that August 4, 2020 was the discovery cut-off or for a conference to discuss establishing a cut-off) set September 21, 2020 as the close of discovery (Non-document Order dated August 4, 2020), that does not remedy the fact that by their own actions and inaction, the Issuing Defendants did not have this information before they filed their summary judgment brief.[5] Therefore, it is recommended the Issuing Defendants' motion to compel, request to extend the discovery deadline, and request to allow supplementary summary judgment briefing be DENIED.

**B. The Issuing Defendants' Motion to Strike and Plaintiff's Motion to Substitute**

With respect to the arguments presented in the motion to strike concerning failure to produce the contested cell phone records at issue, the undersigned recommends denying those portions of that motion as moot. As for all other arguments raised in the motion to strike, the undersigned defers to the Court's review and ruling on the Defendants' motions for summary judgment.

---

[4] The Court notes the Issuing Defendants offer no support for their claim that had Plaintiff requested the subpoena be amended immediately, the records would have been produced "well before summary judgment briefing." (Doc. No. 87 at 6.)

[5] The Court notes that in the absence of any justification for the timing by the Issuing Defendants, there is no compelling reason to extend the discovery deadline to allow the Issuing Defendants to review the relevant, non-privileged cell phone records, extend the discovery deadline to allow for depositions of individuals in those records, and allow supplemental summary judgment briefing.

As Plaintiff in his motion to substitute seeks to attach the cell phone records to which he referred in his declaration, and represents to the Court no substantive changes have been made to the facts averred in the affidavit (Doc. No. 93), the undersigned recommends GRANTING Plaintiff's motion to substitute.

### III.	CONCLUSION

For the foregoing reasons, the Magistrate Judge recommends the Motion to Quash (Doc. No. 86) be GRANTED, the Issuing Defendants' Motion to Compel (Doc. No. 94) be DENIED, and the Issuing Defendants' requests to extend the discovery deadline and allow supplementary summary judgment briefing (Doc. No. 94) be DENIED. The Magistrate Judge further recommends DENYING AS MOOT the portions of the Issuing Defendants' Motion to Strike (Doc. No. 87) relating to failure to produce cell phone records. The undersigned also recommends GRANTING Plaintiff's Motion to Substitute. (Doc. No. 93.)

Date: September 28, 2020	*s/ Jonathan Greenberg*
Jonathan D. Greenberg
United States Magistrate Judge

**OBJECTIONS**
**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981);** *Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**