UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------------
:
LEONARD MAZZOLA,                                :
: CASE NO. 1:19-cv-02519
Plaintiff,                                      :
:
vs.                                             : OPINION & ORDER
: [Resolving Docs. 86, 87, 93, 94]
ANTHONY TOGLIATTI, et al.,                      :
:
Defendants.                                     :
:
-------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Leonard Mazzola worked 24 years as a police officer in Independence, Ohio.[1] With this lawsuit, he brings First Amendment retaliation claims against Defendants Togliatti, Kilbane, and O'Brien, in their capacities as public employees, and against Defendant City of Independence.[2] Plaintiff also alleges that Defendants Togliatti, Kilbane, and O'Brien violated his civil rights under Ohio law.[3]

Magistrate Judge Jonathan Greenberg made recommendations on several discovery motions,[4] to which Defendants objected.[5]

For the reasons stated below, this Court **OVERRULES** Defendants' Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation ("R&R"). The Court **GRANTS** Plaintiff's Motion to Quash,[6] **DENIES** Defendants Kilbane, O'Brien, and the City of Independence's Motion to Compel,[7] **DENIES** Defendants' requests to extend the discovery

---

[1] Doc. 1 at 3.
[2] *Id.* at 17, 19.
[3] *Id.* at 20.
[4] Doc. 108 at 1.
[5] Doc. 110.
[6] Doc. 86.
[7] Doc. 94.

Case No. 1:19-cv-02519
Gwin, J.

deadline and allow supplementary summary judgment briefing,[8] **DENIES AS MOOT** the portions of Defendants' Motion to Strike relating to the failure to produce the cell phone records,[9] and **GRANTS** Plaintiff's Motion to Substitute.[10]

## I. Background

Plaintiff Mazzola alleges that Defendants violated his First Amendment rights when they retaliated against him because Defendants believed Plaintiff had given a reporter information about the Independence mayor's police traffic ticket quota.[11] Mazzola claims that Defendants investigated him and that he was eventually "forced to retire."[12]

Defendants respond that their actions and investigation were appropriate efforts to ensure that "confidential documents remain[ed] confidential, and that public records requests [we]re passed through the proper channels."[13]

The parties contested several discovery motions. Among their disputes, since July 2020, the parties have battled over Defendants' subpoena to Verizon seeking Plaintiff's cellphone records from January 1, 2018, to the present.[14]

Defendants also filed a Motion to Strike[15] Plaintiff's declaration attached to his Opposition to Defendants' Summary Judgment Motion.[16] Defendants argued that Plaintiff's declaration 1) discussed cell phone records that Plaintiff had not produced; 2) "materially

---

[8] *Id.*
[9] Doc. 87.
[10] Doc. 93.
[11] Doc. 1 at 1–2.
[12] *Id.* at 1.
[13] Doc. 5 at 2.
[14] Doc. 94-1 at 2; Doc. 97 at 1. *See also* Doc. 86, Doc. 86-1; Doc. 86-2; Doc. 86-3; Doc. 86-4; Doc. 86-5; Doc. 86-6; Doc. 86-7; Doc. 86-8; Doc. 86-9; Doc. 94.
[15] Doc. 87.
[16] Doc. 85-2.

Case No. 1:19-cv-02519
Gwin, J.

altered" Plaintiff's deposition testimony; and 3) introduced "contradictory hearsay."[17] Plaintiff opposes Defendants' motion to strike and seeks to substitute his declaration with an updated version.[18]  The substitute version of Plaintiff's declaration incorporates the "cellphone invoice Mr. Mazzola reviewed merely to verify his personal knowledge of the precise times of phone calls discussed in the original Declaration."[19]

## II. Discussion

The Federal Magistrates Act requires a district court to conduct a *de novo* review of the portions of the R&R to which the parties object.[20]  The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[21]

Defendants make arguments with their Objections to Judge Greenberg's R&R:  First, Defendants argue that Plaintiff's Motion to Quash should be denied.[22]  Second, Defendants highlight that the R&R goes beyond the scope of this Court's referral.[23]  Third, Defendants say that if this Court accepts the R&R, the Motion to Quash should be only partially granted.[24]

---

[17] Doc. 108 at 2–3 (citing Doc. 87 at 2, 5–7).  *See also* Doc. 96; Doc. 102.
[18] Doc. 92; Doc. 93.
[19] Doc. 93 at 1.
[20] 28 U.S.C. § 636(b)(1).
[21] *Id.*
[22] Doc. 110 at 1.
[23] *Id.* at 2.
[24] *Id.* at 3.  On the second issue, Defendants note that this Court's referral to Judge Greenberg only addressed Plaintiff's Motion to Quash, but they do not provide a reason why the Court cannot adopt Judge Greenberg's recommendations regarding the Motion to Strike and the Motion to Substitute.  Doc. 110 at 2.  The Court will summarily adopt the R&R.

-3-

Case No. 1:19-cv-02519
Gwin, J.

Federal Rule of Civil Procedure 45 governing subpoenas is "subject to the general relevancy standard applicable to discovery under Fed. R. Civ. P. 26(b)(1)."[25] In deciding whether to quash a subpoena, the Court can consider "to what extent the information sought is relevant, nonprivileged, and crucial to the moving party's case."[26]

The Court agrees with the R&R;[27] the Court finds that Plaintiff's phone records after he retired are not relevant to the events at issue in this case.

On this issue, the Defendants argue that the phone records will indicate if Plaintiff has been "diligently seeking new employment" because they may show that he communicated with the Charlotte Police Department.[28] The possibility that post-retirement call records could show that Plaintiff was in contact with another police department and that those records could indicate his diligence is too strained to be relevant.

---

[25] *Laetham Equip. Co. v. Deere and Co.*, No. 05-CV-10113-BC, 2007 WL 2873981, at * 4 (E.D. Mich. Sept. 24, 2007) (internal quotation omitted). *See also In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236 (6th Cir. 2016) (citing *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)) ("Parties may seek discovery of any relevant, non-privileged information. Fed. R. Civ. P. 26(b)(1). But district courts have discretion to limit the scope of discovery when the information sought is overbroad or unduly burdensome. . . . 'Although a plaintiff should not be denied access to information necessary to establish her claim, neither may a plaintiff be permitted to go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive.'"); *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011) (noting that although "Rule 45 does not list irrelevance or overbreadth as reasons for quashing a subpoena," "[c]ourts . . . . have held that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26.").

[26] *Cleveland Clinic Health Sys.–E. Region v. Innovative Placements, Inc.*, No. 1:11-cv-2074, 2012 WL 187979, at *2 (N.D. Ohio Jan 23, 2012) (quoting *Bogosian v. Woloohojian Realty Corp.*, 323 F.3d 55, 66 (1st Cir. 2003)).

[27] Doc. 108 at 6.

[28] Doc. 110 at 2. *See also* Doc. 86-5 ("Mr. Mazzola has produced records showing that he applied for jobs and worked since April 2019. And he is working now.").

Case No. 1:19-cv-02519
Gwin, J.

Defendants' Objections also argue that the Court should grant Plaintiff's Motion to Quash only in part and permit Defendants to seek cellphone records from May 1, 2018, to May 31, 2019.[29] However, Plaintiff's Motion to Quash sought to quash cellphone records just from June 1, 2019, to the present.[30] The Court holds that Defendants' subpoena should be modified to exclude records after May 31, 2019.

### III. Conclusion

For these reasons, the Court **OVERRULES** Defendants' Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation.

IT IS SO ORDERED.

Dated: October 6, 2020                           *s/    James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE

---

[29] Doc. 110 at 3.
[30] Doc. 86 at 1–2.

-5-