IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **LEONARD MAZZOLA**, <br> *Plaintiff*, <br> vs. <br> **ANTHONY TOGLIATTI**, *et al.* <br> *Defendants.* | Case No. 1:19-CV-02519 <br><br> Judge James S. Gwin <br><br> Magistrate Judge David A. Ruiz |
| **PLAINTIFF MAZZOLA'S REPLY IN FURTHER SUPPORT OF MOTION TO DISQUALIFY GALLAGHER SHARP LLP** ||

Plaintiff Leonard Mazzola respectfully submits this brief reply to the points raised in Defendants City of Independence, Michael Kilbane, and Gregory O'Brien's opposition to the Motion to Disqualify.

**ARGUMENT**

**I.      Standing is not at issue.**

Defendants have no basis to object to whether Mr. Mazzola has standing to bring this conflict to the Court's attention because the Court is vested with inherent authority to evaluate conflicts and preserve the integrity of these proceedings,[1] including whether an "actual or potential conflict of interest" warrants disqualification of counsel.[2] Defendants' citations to cases addressing conflicts of interest based on former attorney-client relationships are legally irrelevant, because a former attorney-client relationship is not the basis for Mr. Mazzola's motion.[3] Gallagher Sharp's

---

[1] *Yates v. Applied Performance Tech., Inc.*, 209 F.R.D. 143, 150 (S.D. Ohio Apr. 26, 2002) (quoting *Ex Parte Burr*, 9 Wheat. 529 (1824)) ("[T]he power to disqualify an attorney from a case is 'incidental to all courts and is necessary for the preservation of decorum, and for the respectability of the profession'").

[2] *U.S. v. Mays*, 69 F.3d 116, 121 (6th Cir. 1995); *see also Gould, Inc. v. Mitsui Mining & Smelting Co.*, 738 F.Supp. 1121, 1124 (N.D. Ohio Jun. 7, 1990) ("[T]he court has broad discretion in determining whether counsel should be disqualified in ongoing litigation").

[3] Two of Defendants' cases referred to the standard governing disqualification for conflicts based on *former* attorney-client relationships: *Dana Corp. v. Blue Cross & Blue Shield Mut.*, 900 F.2d 882 (6th Cir. 1990); *Stanley v.*

conflict of interest is based on the conflicts inherent in its current attorney-client relationship with these Defendants, as defined under Prof. Cond. R. 1.7.

II. **Whether the City brought formal disciplinary charges against Plaintiff before he retired is irrelevant within the legal framework for First Amendment–retaliation claims.**

Defendants' continued focus on whether they presented formal disciplinary charges to Mr. Mazzola is misplaced and distracts from the relevant conflict-of-interest analysis. "Adverse action" for First Amendment retaliation *doesn't require formal discipline or traditional adverse-employment action like other claims may require*—any adverse action that would chill a reasonable person from continuing protected speech will suffice.[4] An investigation alone may be an adverse action,[5] and Defendants' plot to subject Mr. Mazzola to punitive discipline—conveyed to Mr. Mazzola through third parties—was an adverse action because it was retaliatory speech indicating that punishment would

---

*Bobeck*, 8th Dist. Cuyahoga No. 92630, 2009-Ohio-5696, ¶ 13, 2009 WL 3490668. The third referred to the standard for disqualification based on conflicts of interest created by an attorney's own financial, business, property, or personal interests: *Morgan v. North Coast Cable Co.*, 63 Ohio St.3d 156, 159–60, 586 N.E.2d 88 (1992). These cases don't apply. Nor do they state a global rule prohibiting motions to disqualify except in those circumstances.

[4] *Fritz v. Charter Tp. of Comstock*, 592 F.3d 718, 724 (6th Cir. 2010). Examples include harassment, publicizing facts damaging to a person's reputation, and threat to terminate a business contract. *Id.*, 592 F.3d at 725–26.

[5] *Zickes v. County*, 207 F.Supp. 3d 769, 780 (N.D. Ohio Sep. 16, 2016), citing *Allen v. Michigan Dep't of Corr.*, 165 F.3d 405, 410 (6th Cir. 1999) (citing *Kocsis v. Multi-Care Management, Inc.*, 97 F.3d 876, 885 (6th Cir. 1996)).

Although Defendants cited *Ehrlich v. Kovack*, 710 Fed.Appx. 646 (6th Cir. 2017) for their assertion that an investigation isn't an adverse action," the *Ehrlich* court actually held that being placed on administrative *leave* during an investigation wasn't an adverse action. *Id.* Mazzola was not placed on leave. Defendants' citation to *Peltier v. U.S.*, 388 F.3d 984 (6th Cir. 2004) for the same proposition is unavailing because that was a Title VII–discrimination claim, not a First Amendment–retaliation claim. Similarly, Defendants' cases applying standard for Title VII–discrimination claims (which includes a burden-shifting analysis under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), absent direct evidence of discrimination) are inapposite here, where Mr. Mazzola has alleged First Amendment retaliation. Those cases include: *Johnston v. O'Neill*, 130 Fed.App'x 1, 8–9 (6th Cir. 2005) (investigation conducted into "leak" of confidential information, not public records); *Bivins v. U.S. Pipe & Foundry Co.*, 48 Fed. App'x 570, 572 (6th Cir. 2002). *Breaux v. City of Garland*, 205 F.3d 150, 154 (5th Cir. 2000) is not only factually distinguishable (no claim of constructive discharge; polygraph used to evaluate veracity of serious allegations); it is not controlling because it is a Fifth Circuit case, applying a different First Amendment–retaliation standard than the Sixth Circuit. The Fifth Circuit requires an "adverse employment action," and the Sixth Circuit does not.

follow.[6] A reasonable jury could find that Defendants subjected Mr. Mazzola to these and other adverse actions—including constructive discharge, which is an adverse-employment action anyway.[7] Defendants' primary testimony conflict concerns one of their adverse actions against Mr. Mazzola—whether the City intended to discipline Mr. Mazzola—so the conflict is material.

### III. Defendants' claim that no conflict exists contradicts the plain text of their evidence and testimony.

The testimony of Defendants and Defendant O'Brien's contemporaneous email sent Thursday, March 28, 2019 at 11:57 a.m. conflict irreconcilably.[8] There is simply no way that the City both "intended on pursuing disciplinary action against Lt. Mazzola" for a detailed list of charges—per Defendant O'Brien—and did not contemplate discipline or "even determine[] potential specific charges yet"—as per the City's Rule 30(b)(6) testimony.[9] Defendant O'Brien's testimony further cannot be squared with Defendant Kilbane's testimony flatly denying that the City considered discipline, including that "[i]t never went to the stages where we were considering charges or potential discipline or anything of that nature."[10]

And Defendants' protestation that Defendant O'Brien believed Mr. Mazzola had already decided to retire is of no moment. Defendants know now, as Defendant O'Brien knew then, that Mr. Mazzola had not retired when Defendant O'Brien sent the email listing charges at 11:57 a.m. on

---

[6] *Greisen v. Hanken*, 925 F.3d 1097, 1114 (9th Cir. 2019), quoting *Brodheim v. Cry*, 583 F.3d 1262, 1270 (9th Cir. 2009), quoting *Okwedy v. Molinari*, 333 F.3d 339, 343 (2d Cir. 2003). *See also Brown v. Crowley*, 312 F.3d 782, 789 (6th Cir. 2002) (issuance of misconduct charges was adverse act in First Amendment–retaliation case because it subjected plaintiff to "the risk of significant sanctions"); *Cleare v. Jenkins*, No. 2:15-CV-2295, 2016 WL 3458193, at *6 (S.D. Ohio June 24, 2016) (later-retracted disciplinary charges).

[7] *Thompson v. Ohio State Univ.*, 990 F. Supp. 2d 801, 809 (S.D. Ohio 2014) ("Whether an alleged adverse action is sufficient to deter a person of ordinary firmness . . . is generally a question of fact.").

[8] *See* Pl.'s Mot. to Disqualify at 2–6.

[9] *See* City of Independence Dep. at 45:10–14, Doc. 107-8.

[10] *See* Kilbane Dep. at 187:12–15 (excerpts attached at **Ex. 14**).

March 28, 2019.[11] Mr. Mazzola did not retire until the next day, at 4:59 p.m. on March 29, 2019.[12] In the meantime, the union attorney sent Defendant O'Brien a list of conditions Mr. Mazzola would require to retire at 1:12 p.m. on March 28, 2019,[13] and Defendant O'Brien sent back the City's retirement proposal at 3:01 p.m. on March 29, 2019.[14] Defendants cannot seriously contend that Defendant O'Brien didn't expect the union attorney to *not* to convey the seriousness of the planned charges to Mr. Mazzola as he considered whether or not to retire.

**IV.    The fact that the Chandra Law Firm has filed other motions to disqualify when other law firms have embraced conflicted representations illustrates the broader problem of some defense attorneys freely embracing conflicted joint representations.**

Defendants' *ad hominem* attack against Mr. Mazzola's counsel seeks to deflect the Court from examining the conflict of interest presented by their own conflicting testimony on one of the most material matters in this case. Whether Mr. Mazzola's attorneys have raised the existence of conflicts in other cases doesn't bear on whether a conflict of interest requires disqualification in this case. (Indeed, a brief search would reveal a multitude of cases in which the Chandra Law Firm did not raise such conflicts because the defendants in those cases—unlike here—retained separate counsel as needed or acted properly to ensure that no conflict barred joint representation.) Nor does the magnitude and frequency of this problem—likely caused by economic pressures and desire to exert control over Defendants[15]—detract from its presence in this case. While Defendants, as part of their continuing problem of overpersonalizing this litigation by attacking counsel, protest that Plaintiff's counsel is trying to increase their litigation costs, defense counsel's willing embrace of a hopelessly

---

[11] *See* O'Brien Dep. Defs.' Ex. 56, Doc. 107–5.
[12] *See* Ex. 1-B to Mazzola Am. Decl., DFNTS_0000873, Doc. 107-3.
[13] *See* Ex. 1-C to Mazzola Am. Decl., DFNTS_0000325, Doc. 107-3.
[14] *See* Ex. 1-C to Mazzola Am. Decl., DFNTS_0000323–24, Doc. 107-3.
[15] As President Lyndon Johnson famously said about FBI Director J. Edgar Hoover: "Better to have him inside the tent pissing out, than outside pissing in." Available at https://freakonomics.com/2010/02/18/quotes-uncovered-the-first-casualty-of-war/ (last accessed Oct. 12, 2020).

conflicted representation has the ill-effect of artificially *decreasing* the litigation costs that the defense would ordinarily have to bear counsel they to comply with Rule 1.7 of the Ohio Rules of Professional Conduct. That creates an unfair, unethical advantage in favor of the defendant paying the bills, the City of Independence.

V.  **Defendants did not submit with their opposition written waivers of conflict showing they consent to the conflict, despite knowing the risks.**

Defendants have failed to submit written waivers of conflict of interest with their opposition—and by failing to do so have waived their opportunity to submit waivers. In any case, the conflict in material testimony is sufficiently serious that the conflict should not be waivable. And the failure to submit waivers should heighten the Court's suspicion about whether all jointly represented Defendants truly understand the risks the conflicts present to them.

### CONCLUSION

Plaintiff Mazzola respectfully submits that the seriousness of Defendants' conflicting testimony requires the Court to disqualify Gallagher Sharp LLP. Even if the conflict were serious but waivable, the Defendants have failed to submit written waivers, and therefore disqualification is appropriate.

Dated: October 12, 2020                                     Respectfully submitted,

                                                              */s/ Subodh Chandra*
Subodh Chandra (0069233)
Jessica S. Savoie (0099330)
Brian Bardwell (0098423)
THE CHANDRA LAW FIRM LLC
The Chandra Law Building
1265 West Sixth Street, Suite 400
Cleveland, Ohio 44113
216.578.1700 (p) / 216.578.1800 (f)
Subodh.Chandra@ChandraLaw.com
Jessica.Savoie@ChandraLaw.com
Brian.Bardwell@ChandraLaw.com

*Attorneys for Plaintiff Leonard Mazzola*

**VERIFICATION OF COMPLIANCE WITH PAGE LIMITS**

I certify that this case has been assigned to the standard track, and that the Reply in further Support of Motion to Disqualify Gallagher Sharp LLP adheres to the page limitations set forth in Loc. R. 7.1(f).

Dated: October 12, 2020

/s/ Subodh Chandra
Subodh Chandra (0069233)
Jessica S. Savoie (0099330)
Brian Bardwell (0098423)
THE CHANDRA LAW FIRM LLC
The Chandra Law Building
1265 W. 6th St., Suite 400
Cleveland, OH 44113-1326
216.578.1700 Phone/216.578.1800 Fax
Subodh.Chandra@ChandraLaw.com
Jessica.Savoie@ChandraLaw.com
Brian.Bardwell@ChandraLaw.com

*Attorneys for Plaintiff Leonard Mazzola*