IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LEONARD MAZZOLA, | ) | CASE NO: 1:19-cv-02519 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | **DEFENDANTS THE CITY OF** |
| | ) | **INDEPENDENCE AND MICHAEL** |
| ANTHONY TOGLIATTI, *et al.*, | ) | **KILBANE'S OBJECTIONS TO** |
| | ) | **MAGISTRATE'S ORDER** |
| Defendants. | ) | **COMPELLING TESTIMONY OF NON-** |
| | ) | **PARTY GREGORY O'BRIEN AND** |
| | ) | **ORDERING DISCLOSURE OF** |
| | ) | **CONFIDENTIAL ATTORNEY-CLIENT** |
| | ) | **COMMUNICATIONS** |

Defendants the City of Independence and Michael Kilbane, by and through undersigned counsel, and pursuant to Fed.R.Civ.P. 72(a), respectfully object to the October 14, 2020 Order of Magistrate Jonathan Greenberg (ECF No. 146) regarding the waiver of Defendants' attorney-client privilege.

Plaintiff's motion to compel (ECF No. 113) asked the Court to compel Mr. O'Brien's testimony as to five specific factual matters:

a)  Whether the City of Independence considered demoting Plaintiff;

b)  The reasons why the City of Independence intended to pursue discipline against Plaintiff;

c)  Whether Defendant O'Brien prepared a public statement dated October 28, 2019 for then-Mayor Defendant Togliatti;

d)  The factual basis for the disciplinary charges listed in Defendant O'Brien's March 28, 2019 email to Fraternal Order of Police attorney Robert Phillips; and

e)  All City discussions regarding whether and how to pursue discipline against Plaintiff.

(ECF No. 113 at 1.)

1

In his motion to compel Mr. O'Brien's testimony, Plaintiff argued: (1) that the factual basis for the alleged disciplinary charges against Plaintiff are outside the scope of privilege, (2) that Defendants waived privilege by testifying on the same subject matters on which they sought legal advice from Mr. O'Brien, and 3) that the crime-fraud exception compels Mr. O'Brien's testimony. (ECF No. 146 at 2). Plaintiff separately argued that Defendants should be required to submit a legally sufficient privilege log. (*Id.* at 3).[1]

**A. The Magistrate's Order Improperly Determined that Defendants Waived Attorney-Client Privilege by Testifying on a Subject Matter Discussed with Counsel.**

The Magistrate's Order improperly determined that Defendants waived attorney-client privilege as a result of testifying about subject matters that they also happened to discuss with their attorney, Mr. O'Brien. O.R.C. § 2317.02(A) is clear that a client may waive privilege by discussing **communications** made to his or her attorney. (*Id.*). If a client testifies as to such communications, a court "can compel attorneys to testify as to the same general subject matter as the client's prior testimony." (*Id.*). A client may also waive attorney-client privilege regarding any subject pertinent to his or her claim, but Defendants have not asserted any claims against Plaintiff herein.

The Sixth Circuit has also addressed waiver of the attorney-client privilege, finding that the privilege may be waived by voluntary disclosure of private communications to third parties. *In re Lott*, 424 F.3d 446, 452–53 (6th Cir. 2005). A client may also waive the privilege by conduct which implies a waiver of the privilege or a consent to disclosure. Or the privilege may be implicitly waived by claiming ineffective assistance of counsel or by otherwise raising issues regarding counsel's performance. *Id.*

---

[1] The Magistrate's Order found Defendants' privilege log was sufficient.

2

None of these conditions exist here. None of the Defendants provided testimony regarding their confidential communications with Mr. O'Brien. Plaintiff's Exhibit A filed with their motion to compel (ECF No. 113-2) lists communications which Plaintiff believes waived the City's attorney-client privilege. However, it is clear from Plaintiff's own compilation that the Defendants offered no testimony as to their confidential communications with Mr. O'Brien. While Defendants generally discussed whether they planned to discipline Plaintiff, no attorney-client communications were disclosed or even referenced. There is no basis for determining that the City's attorney-client privilege with its law director has been impliedly waived when none of its agents disclosed confidential communications in this case.

Reliance on *Rubel v. Lowe's Home Centers, Inc.*, 580 F.Supp.2d 626 (ND Ohio 2008) is inapposite here. The court in *Rubel* noted that "[u]nder O.R.C. § 2317.02(A), if a client voluntarily testifies ***about communications made to his or her attorney***, then that attorney can be compelled to testify about the same subject." *Rubel*, at 628. The plaintiff in that case affirmatively testified in his sworn affidavit and deposition that he did not authorize his attorney to accept a settlement on his behalf. The court found that this testimony impliedly waived his attorney-client privilege as to the issue of settlement authority. *Id.*

The Magistrate's determination that, based on *Rubel*, Defendant O'Brien's clients waived attorney-client privilege as to the subjects identified in Plaintiff's motion to compel is mistaken. (ECF No. 146 at 4). The Magistrate's Order does not identify any attorney-client communications that were disclosed so as to waive the City's privilege. The Order identifies Defendants' testimony as to the internal investigation, discipline status, and the fact that a press release had been prepared by Mr. O'Brien. (*Id.*). However, this testimony does not involve confidential attorney communications. There is no basis to find that Defendants waived attorney-

client privilege with Mr. O'Brien simply by discussing general subjects falling outside the scope of privilege.

The Magistrate's Order next finds that, because Plaintiff did not ask for Defendants' confidential communications themselves, Defendants only waived privilege as to the "underlying facts themselves." (ECF No. 146 at 5). This is an incongruous conclusion, which allows opposing counsel to explore the subject matter of confidential communications, which is improper.

Defendants also expect that opposing counsel will file further briefing on waiver, and bootstrap this ruling and resulting testimony of Mr. O'Brien, asserting that the communications have been globally waived. Clarification on this issue is needed to prevent further discovery disputes.

For the foregoing reasons, Defendants respectfully object to the Magistrate's October 14, 2020 Order for the record.

                                      Respectfully submitted,

                                      /s/Maia E. Jerin
                                      **MONICA A. SANSALONE (0065143)**
                                      **STEVEN D. STRANG (0085444)**
                                      **MAIA E. JERIN (0092403)**
                                      Gallagher Sharp |LLP
                                      1215 Superior Avenue, 7th Floor
                                      Cleveland, Ohio 44114
                                      (216) 241-5310 Telephone
                                      (216) 241-1608 Facsimile
                                      E-Mail: msansalone@gallaghersharp.com
                                                    sstrang@gallaghersharp.com
                                                    mjerin@gallaghersharp.com

                                      *Counsel for Defendants City of Independence,*
                                      *Michael Kilbane, and Gregory O'Brien*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 16th day of October, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic system. Parties may access this filing through the Court's system.

    /s/Maia E. Jerin
**MONICA A. SANSALONE (0065143)**
**STEVEN D. STRANG (0085444)**
**MAIA E. JERIN (0092403)**

*Counsel for Defendants City of Independence, Michael Kilbane, and Gregory O'Brien*